UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIORITY HEALTHCARE DISTRIBUTION, INC., D/B/A CURASCRIPT SD SPECIALTY DISTRIBUTION,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY M. AMBINDER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 08 CIV. 7589<br><br>Civil Action No.<br>ROBINSON |

**FILED AUG 27 2008 USDC WP SDNY**

## COMPLAINT

Plaintiff, Priority Healthcare Distribution, Inc., d/b/a CuraScript SD Specialty Distribution, f/k/a Priority Healthcare Corporation ("PHD"), by and through its undersigned attorneys, Husch Blackwell Sanders LLP, for its Complaint against Defendant Jeffrey M. Ambinder ("Ambinder"), alleges as follows:

### The Parties

1. PHD is a Florida corporation with its principal place of business in Orlando, Orange County, Florida.

2. Upon information and belief, Ambinder is a resident of Rockland County, New York and has actual places of business in Westchester County, New York.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest

1

and costs. There is complete diversity between the parties because PHD is a citizen of the state of Florida and Ambinder is a citizen of the state of New York.

4. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**General Allegations**

5. Between June 2005 and November 2005, PHD, at the request of Ambinder, sold, delivered and furnished to Ambinder pharmaceutical drugs and supplies.

6. The invoice that remains unpaid for account number 30584 is dated August 31, 2005. A copy of this invoice has previously been provided to Ambinder by PHD.

7. The invoices that remain unpaid for account number 30856 are dated August 11, 2005 and November 2, 2005. Copies of these invoices have previously been provided to Ambinder by PHD.

8. The invoices that remain unpaid for account number 65271 include, but are not limited to, invoices dated: July 12, 2005; August 8, 2005; August 10, 2005; August 11, 2005; August 11, 2005; August 11, 2005; August 12, 2005; August 15, 2005; August 15, 2005; August 19, 2005; August 22, 2005; August 23, 2005; August 26, 2005; August 30, 2005; August 30, 2005; August 30, 2005; and August 30, 2005. Copies of these invoices have previously been provided to Ambinder by PHD.

9. The invoices that remain unpaid for account number 65272 include, but are not limited to, invoices dated: June 8, 2005; August 9, 2005; August 10, 2005; August 11, 2005; August 11, 2005; August 11, 2005; August 16, 2005; August 17; 2005; August

17, 2005; August 22, 2005; August 23, 2005; and August 24, 2005. Copies of these invoices have previously been provided to Ambinder by PHD.

    10.    The aggregate principal amount of the unpaid invoices is $102,602.77.

    11.    Ambinder has failed to pay PHD the amounts owed for the various pharmaceutical drugs and supplies provided to Ambinder by PHD.

    12.    PHD has made demand on Ambinder for the monies that are due and owing; however, to date, Ambinder has failed and refused to pay PHD any of the monies owed.

## COUNT I
### Unjust Enrichment

    13.    PHD repleads and incorporates by reference its allegations in paragraphs 1 through 12 above as though fully set forth herein.

    14.    Between June 2005 and November 2005, PHD, at the request of Ambinder, sold, delivered and furnished to Ambinder pharmaceutical drugs and supplies.

    15.    As a result of providing Ambinder these pharmaceutical drugs and supplies, PHD conferred a benefit on Ambinder.

    16.    Ambinder had knowledge of and appreciated the benefit of the pharmaceutical drugs and supplies provided by PHD; however, Ambinder has not paid PHD any consideration in exchange for said pharmaceutical drugs and supplies.

    17.    Ambinder's acceptance and retention of the pharmaceutical drugs and supplies provided by PHD without making payment for same would be unjust under the circumstances as Ambinder has retained a benefit that does not rightfully belong to him.

    18.    PHD has been damaged in the principal amount of $102,602.77 because of Ambinder's wrongful refusal to pay for the pharmaceutical drugs and supplies provided

by PHD to Ambinder, and equity and good conscience require Ambinder to make said payment.

WHEREFORE, Priority Healthcare Distribution, Inc. respectfully requests that this Court enter Judgment in its favor and against Jeffrey M. Ambinder in the principal amount of $102,602.77, plus interest at the applicable statutory rate, plus award PHD its costs incurred herein, and grant PHD such other and further relief as this Court deems just and proper under these circumstances.

## COUNT II
### Account Stated

19. PHD repleads and incorporates by reference its allegations in paragraphs 1 through 18 above as though fully set forth herein.

20. Between June 2005 and November 2005, PHD, at the request of Ambinder, sold, delivered and furnished to Ambinder pharmaceutical drugs and supplies.

21. PHD charged a total of $102,602.77 for said pharmaceutical drugs and supplies and presented Ambinder with statements of accounts and invoices for said pharmaceutical drugs and supplies.

22. Ambinder is indebted to PHD for this entire amount of $102,602.77, plus interest at the rate of eighteen percent (18%) per annum.

23. Copies of the statements of accounts and documenting the amounts outstanding, along with the invoices for said pharmaceutical drugs and supplies, have previously been provided to Ambinder by PHD.

24. PHD's charges for the pharmaceutical drugs and supplies were reasonable, and Ambinder agreed to pay the sum of $102,602.77 for said pharmaceutical drugs and supplies as Ambinder accepted said pharmaceutical drugs and supplies.

25.     According to the statements of accounts, Ambinder had ten (10) days from date of invoice to dispute any billing errors and past due invoices were subject to an interest charge of eighteen percent (18%) per annum.

26.     Ambinder has acknowledged that the statements of account received by him from PHD are correct as Ambinder has never, to date, disputed or objected to the balance owed on the statements of accounts that Ambinder received from PHD.

27.     As a result of Ambinder's non-payment of his account with PHD, PHD has been damaged, as of July 31, 2008, in the amount of $171,304.80.

WHEREFORE, Priority Healthcare Distribution, Inc. respectfully requests that this Court enter Judgment in its favor and against Jeffrey M. Ambinder in the amount of $171,304.80, plus interest at the applicable statutory rate, plus award PHD its costs incurred herein, and grant PHD such other and further relief as this Court deems just and proper under these circumstances.

Dated:  August 27, 2008

HUSCH BLACKWELL SANDERS LLP

By: *Daniel P. Jaffe*
Daniel P. Jaffe, #DJ3217
dan.jaffe@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (fax)

*Attorneys for Plaintiff Priority Healthcare Distribution, Inc.*